IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STATE EX REL. SKAGGS, et al.** : | |
| : | |
| Plaintiffs, : | Case No. 2:08-cv-1077 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **JENNIFER BRUNNER,** : | Magistrate Judge Norah McCann King |
| Secretary of State of Ohio, : | |
| : | |
| **Defendant.** : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiffs Dana Skaggs's and Kyle Fannin's Renewed Motion for Award of Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c). Plaintiffs have renewed their earlier oral motion, made at the hearing on the Motion to Remand, for an order awarding them their reasonable attorneys' fees incurred as a result of Defendant Ohio Secretary of State Jennifer Brunner's (the "Secretary") improper removal of this case to this Court. Plaintiffs seek legal fees of $59,263.00. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

### II. BACKGROUND

On election day, approximately 27,000 provisional ballots were cast in Franklin County, Ohio. Of those, Plaintiffs asserted 1,000 were deficient in one of three ways: (1) the affirmation had a voter's signature but no printed name; (2) the affirmation had a printed name but no signature; or (3) the affirmation had both a signature and printed name, but either one or both of those things were in the wrong location on the affirmation. The Secretary and two of the four Franklin County Board of Elections ("FCBE") members took the position that provisional ballots should be counted as long as the Board could verify that "the person is registered to vote, voted in

the correct precinct, and that the person was not required to provide additional information/ID within 10 days." The other two FCBE members took the position that provisional ballots suffering from these deficiencies were not eligible to be counted under Ohio law.

On November 13, 2008, Plaintiffs filed suit with the Ohio Supreme Court against the Secretary, in her official capacity, and against the FCBE. Plaintiffs sought a writ of mandamus to compel the Secretary and the FCBE to refuse to count provisional ballots in the November 4, 2008 election that did not have both the voter's name and signature on the provisional ballot affirmation. Plaintiffs contended that the Secretary and the FCBE reversed their interpretation of the Ohio Election Law after the November 4, 2008 election to allow ballots without voters' names and signatures to be counted.

On November 14, 2008, the Secretary removed the case to this Court. On November 17, 2008, this Court granted the Secretary's Motion to Realign the Parties, making the FCBE a plaintiff in this action. On that same day, this Court also denied Plaintiffs' and FCBE's motion to remand the case to the Ohio Supreme Court. *Ohio ex rel. Skaggs v. Brunner*, 588 F.Supp.2d 819 (S.D. Ohio 2008), *rev'd Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008) ("*Brunner*"). On November 20, 2008, this Court issued an Opinion and Order granting the Secretary's Motion for Summary Judgment and denying Plaintiffs' and FCBE's Motions for Summary Judgment. *State ex rel. Skaggs v. Brunner*, 588 F.Supp.2d 828 (S.D. Ohio 2008).

Plaintiffs appealed to the Sixth Circuit. On November 26, 2008, the Sixth Circuit vacated this Court's Opinion and Order and remanded the case to the Ohio Supreme Court. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008) ("*Ohio ex rel. Skaggs*"). The Sixth Circuit determined that there was no federal jurisdiction in this case because the Plaintiffs relied solely on

state law in bringing their claims, expressly disclaimed any reliance on federal law, and requested only a state law remedy----a writ of mandamus compelling the Secretary to comply with state law. *Id.* at 475.

Plaintiffs now move this Court for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). Plaintiffs request attorneys' fees in the amount of $59,263.00, the amount they assert was incurred as a result of the Secretary's removal.

### III. LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case after the case has been removed, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorneys' fees upon remand is not automatic. Absent unusual circumstances, courts may award attorneys' fees against a removing defendant "only where the removing party lacked an objectively reasonable basis for seeking removal." *See, e.g., Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913-14 (6th Cir. 2007). Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). In cases where removal is not objectively reasonable, the district courts should consider this underlying purpose when they exercise their discretion. *Id.* at 141. District courts should also consider, however, whether even though removal was objectively unreasonable, "unusual circumstances warrant a departure from the rule in a given case." *See id.*

Removal of state court actions to federal court is only proper if the action could originally have been filed in federal court. *Catepillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). A case is

within a court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (internal quotation marks omitted). The "well-pleaded complaint rule" requires that the federal question be apparent on the face of the plaintiff's properly pleaded complaint. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). As an "independent corollary of the well-pleaded complaint rule . . . a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983); *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007). Thus, "if a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *City of Warren,* 495 F.3d at 287; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

### A. This Court's Prior Order Denying Motion to Remand

### 1. This Court's Finding that Complaint Stated Violation of Federal Court Order

The Complaint sought to promulgate uniform standards for the determination of the eligibility of provisional ballots to be counted. The Complaint stated that Directive 2008-101, which lays out provisional ballot counting procedures to be followed by the Ohio Boards of Elections, instructed that the failure of a provisional ballot voter to provide both her name and her signature on the affirmation rendered it invalid under law and prevented it from being counted. (Comp. ¶ 18.) Plaintiffs requested in the Complaint that the Court compel the Secretary to reject any provisional ballots as not eligible to be counted if they did not include the name and signature

of the voter on the affirmation. (Comp. Prayer C.) This Court found, therefore, that the Plaintiffs were seeking to enforce Directive 2008-101. *Brunner*, 588 F.Supp.2d at 821. That Directive had been issued by the Secretary during settlement negotiations in the case of *The Northeast Ohio Coalition for the Homeless v. Brunner* ("NEOCH Case"), No. 2:06-cv-896. On October 24, 2008, this Court had issued an Order in the NEOCH Case incorporating Directive 2008-101 and making it a federal court order ("October 24 Order").

The Complaint also sought to prevent counting of ballots that did not include the name and signature of the voter on the affirmation, even if the deficiencies were due to poll worker error. This Court also found, therefore, that the Plaintiffs were seeking to enjoin Directive 2008-103, which provided that a provisional ballot cannot be rejected because of poll worker error. *Brunner*, 288 F.Supp.2d at 821. That Directive had been issued to incorporate an Order by this Court in the NEOCH Case, issued October 27, 2008 ("October 27 Order"). That Court Order had directed the Secretary to tell the Ohio Boards of Elections that provisional ballots should not be rejected due to poll worker error.

Thus, this Court had issued two separate orders regarding how provisional ballots were to be counted in the 2008 election. This Court found that Plaintiffs' claims for relief turned on the interpretation of this Court's October 24 Order and October 27 Order, and possibly conflicted with those Orders. *Id.* This Court compared this case to *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340 (6th Cir. 2008) in finding that the Plaintiffs' Complaint stated a violation of a federal court order. *Brunner*, 588 F.Supp.2d at 824. The *EBI* Court concluded that the plaintiff's allegation required the Court "to interpret [a] federal court order and thus present[ed] a federal question." 279 F. App'x at 342. As in *EBI*, this Court found that in the case sub judice, the

Plaintiffs had alleged that the Defendant had violated a federal court order and resolution of the Plaintiffs' allegations regarding improper provisional ballot counting required the deciding court to interpret this Court's October 24 and October 27 Orders. *Brunner*, 588 F.Supp.2d at 824.

**2. This Court's Finding that Complaint Stated Violations of Equal Protection Clause**

The Complaint stated that the Plaintiffs "bring[ ] this action to assure that [their] vote[s] [are] not diluted as a result of the misdirected instructions of the Secretary of State to count provisional ballots that are not lawful or valid under Ohio law." (*Id.* ¶¶ 4, 5) In *Bush v. Gore*, the United States Supreme Court held that the Equal Protection Clause required states to employ uniform and specific standards for vote counting. 531 U.S. at 105-06. This Court found, therefore, that Plaintiffs were alleging an equal protection *Bush v. Gore* violation relating to counting provisional ballots—specifically, that non-uniform counting procedures would deny voters equal protection and dilute those plaintiffs' right to vote. *Brunner*, 588 F.Supp.2d at 826. By abandoning the standards for rejecting provisional ballots set forth in Directive 2008-101, the Secretary changed the rules for one county (Franklin) after the election, potentially resulting in the unlawful dilution of Plaintiffs' votes. *Id.*[1]

**B. Sixth Circuit Order Reversing This Court's Order Denying Motion to Remand**

The Sixth Circuit vacated this Court's Opinion and Order and remanded the case to the Ohio Supreme Court. *Ohio ex rel. Skaggs*, 549 F.3d at 475. The Sixth Circuit determined that there was no federal jurisdiction in this case because the Plaintiffs relied solely on state law in

---

[1]The 15th Congressional district encompasses parts of Union and Madison Counties, as well as Franklin County. *Id.* Therefore, if Franklin County used a different standard to evaluate provisional ballots than Union and Madison Counties used in the same race, that could present a *Bush v. Gore* problem.

bringing their claims, expressly disclaimed any reliance on federal law, and requested only a state law remedy----a writ of mandamus compelling the Secretary to comply with state law. *Id.* at 475.

**1. Sixth Circuit Finding that Complaint Did Not State Violation of Federal Court Order**

The Sixth Circuit found that the Complaint did not state a violation of any federal court order. *Id.* The Sixth Circuit acknowledged that the Complaint referenced Directive 2008-101. *Id.* The Court found, however, that the

> reference was not in the context of alleging that the Secretary had violated a federal court order; it was in the context of alleging that the Secretary had offered one interpretation of the relevant statutes before the election and had offered another interpretation of the statutes after the election when the significance of these provisional-ballot-counting measures had become apparent.

*Id.* The Court held that "the issue-preclusive shadow cast by a prior federal decision is an affirmative defense, not an ingredient of the claimants' claim, and as such it cannot convert a state-law claim into a federal one." *Id.* at 476 (citation omitted). The Court also found that the Court's Orders did not "create important federal questions in any meaningful sense." *Id.* at 477.

**2. Sixth Circuit Finding that Complaint Did Not State Violations of Equal Protection Clause**

The Sixth Circuit also found that the Complaint did not state violations of the Equal Protection Clause. *Id.* at 478. The Court found that the allegations as to vote dilution were not made in order to raise an equal protection claim, but rather to identify an injury to establish standing. *Id.* The Court found that the Equal Protection Clause was "at best a federal defense that the Secretary may or may not wish to inject into the case in the Ohio courts in support of her proposed interpretation of state law." *Id.* at 478-79.

### C. Secretary's Reading of Complaint Was Not Objectively Unreasonable

The question presented in the Motion for Attorneys' Fees before this Court is whether it

was objectively unreasonable for the Secretary to read the Complaint as presenting federal questions sufficient to give this Court jurisdiction. The Sixth Circuit's interpretation of the Complaint is what ultimately determined whether removal was proper. Nevertheless, though the Sixth Circuit determined that this Court could not exercise jurisdiction, it was not objectively unreasonable for Defendant to believe that Plaintiffs were alleging a violation of a federal court order or to believe that Plaintiffs were alleging violations of the Equal Protection Clause.

This case is akin to *Frischkorn v. Lake County Chrysler, Inc.*, No. 1:06CV0713, 2006 WL 2970236 (N.D. Ohio Oct. 13, 2006). There, the plaintiffs referred to federal law in their complaint. *Id.* at *2. The court found, however, that they referred to federal law only as "further evidence of the defendants' alleged conduct." *Id.* The plaintiffs only sought relief under Ohio law, not federal law. *Id.* The court recognized that "a complaint's fleeting reference to federal law-either to provide the applicable standard of care or additional evidence of a state-law violation-does not create a federal question." *Id.* Nevertheless, the court held that the defendant had an objectively reasonable basis for removing the action based on the wording of plaintiffs' complaint, and thus, denied plaintiffs' request for attorneys' fees. *Id.*

The case sub judice is also similar to the case of *Wang v. Xin*, No. 07-8993, 2008 WL 425571 (E.D. La. Feb. 8, 2008). In that case, the court found removal was improper, but not objectively unreasonably. *Id.* at *3. The court stated:

> Although plaintiff's action is one to recover damages for personal injuries, he devotes an entire paragraph of his complaint to describing a wage dispute with his former employers. Since Louisiana does not have a general minimum wage statute, defendants plausibly could have read that paragraph as raising a minimum wage claim under federal law.

*Id.*

Though the Sixth Circuit determined that removal was improper, the Sixth Circuit never stated that the Secretary's reading of the Complaint was frivolous, objectively unreasonable, or made in bad faith. The fact that this Court had reached a different result regarding whether removal was proper prior to the Sixth Circuit's determination lends further support that removal was objectively reasonable.

Furthermore, *Martin* instructs that a district court should consider the underlying purpose of § 1447(c) when deciding whether to award attorneys' fees, which is to "reduce the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." 546 U.S. at 140. There has been no allegation that the Secretary removed the case to delay litigation or to impose costs on the Plaintiffs. Actually, the record supports that the Secretary acted with deliberate haste in order to not delay the litigation in this matter. The Complaint was filed in the Ohio Supreme Court at November 13, 2009. Less than 24 hours later, at 9:06 a.m. on November 14th, the Secretary removed the case.

*Martin* also instructs that even if a district court finds that removal was not objectively reasonable, the court should consider whether "unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. The Eleventh Circuit Court of Appeals affirmed the denial of attorneys' fees in a case where the defendant only had a brief amount of time in which to determine whether to remove the case:

> The appellee had to act quickly after receipt of the complaint, *see* 28 U.S.C. § 1446(b) (providing that notice of removal must be filed within thirty days after receipt of the initial pleading setting forth the claim on which removal is based) . . . removing the case in an effort to preserve its right to a federal forum seems quite reasonable.

*Bauknight v. Monroe County*, 446 F.3d 1327, 1331-32 (11th Cir. 2006).

The Southern District of Indiana also denied attorneys' fees in a case where the defendant only had a brief amount of time in which to determine whether to remove a case:

> Defendants had to make a quick decision whether to remove based on only the complaint and the facts known to them at the time. . . . Because the defendants' decision to remove was based on all reasonably available information, it was "objectively reasonable," even though not successful.

*Worldwide Battery Co., LLC v. Johnson Controls, Inc.*, No. 1:06-cv-00602-DFH-TAB, 2006 WL 3201915, at *5 (S.D. Ind. July 7, 2006).

In this case, the Secretary had even less than the typical thirty days in which to act. The matter was filed as an expedited election matter, and under the Ohio Supreme Court Rules of Practice, the parties had only a few days to brief the case before a decision would issue. The decision to remove, made in less than 24 hours, was made under time pressure with virtually no time for reflection or thorough deliberation.[2] This is yet another factor, which under all of the circumstances of this case, makes the decision to remove objectively reasonable. *See id.* at 1332. Because the Secretary's decision to remove was objectively reasonable and because there are no unusual circumstances which would require departure from the general rule that attorneys' fees are awarded only where the removing party lacked an objectively reasonable basis for removal, attorneys' fees may not be awarded.

---

[2]The Sixth Circuit recognized in this case the difficulty in determining whether removal was proper under the time constraints: "Our esteemed district-court colleague, who as is so often the case in an election dispute was given little time to resolve this matter, reached a different conclusion." *Ohio ex. rel. Skaggs*, 549 F.3d at 475. The Secretary had even less time to determine whether to remove.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Renewed Motion for Award of Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED.**

                <u>s/Algenon L. Marbley</u>
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT COURT**

**Dated: September 18, 2009**